# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| RIVKA ILIOVITS AND | * |
| MORDECHIE ILIOVITS, *parents* | * |
| *and natural guardians of L.I.,* | * |
| *a minor* | *     No. 21-1727V |
| | * |
| Petitioner, | * |
| | *     Special Master Christian J. Moran |
| | * |
| v. | * |
| | *     Filed: July 2, 2025 |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

<u>Robert Joel Krakow</u>, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner;
<u>Julianna Rose Kober</u>, United States Dep't of Justice, Washington, DC, for respondent.

## <u>UNPUBLISHED DECISION DENYING COMPENSATION</u>[1]

     Rivka Iliovits and Mordechie Iliovits ("petitioners") alleged that a hepatitis A vaccine their daughter, L.I., received on August 22, 2018 caused L.I. to suffer from inflammatory bowel disease ("IBD"). On June 27, 2025, petitioners moved for a decision dismissing their petition.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

## I.    Procedural History

Petitioners filed a petition for compensation on August 18, 2021, alleging that the hepatitis A vaccine their daughter, L.I., received on August 22, 2018 caused L.I. to suffer from IBD by 19 days later.  Am. Pet. at 1-3.  They filed medical records and affidavits over the next few months.

The Secretary filed his Rule 4(c) report on August 23, 2024, contesting entitlement.  The Secretary argued that petitioners had not provided preponderant evidence of causation satisfying the Althen prongs between L.I.'s condition and the hepatitis A vaccine.  Resp't's Rep. at 9-10.  Further, the Secretary noted that petitioners had not submitted an expert report in support of their claim, nor other preponderant medical evidence supporting causation sufficient to meet their burden of proof.  Id. at 10.

On January 21, 2025, petitioners filed an expert report from Dr. Wanda Phipatanakul, a board-certified allergist/immunologist.  Exhibit 25.  Dr. Phipatanakul opined that the hepatitis A vaccine that L.I. received led her to develop IBD through potential mechanisms such as molecular mimicry, dysregulation of the normal dampening of the immune response, or epitope mimicry.  Id. at 7-9.  Dr. Phipatanakul also opined that 19 days is an acceptable timeframe for onset for L.I.'s IBD.  Id. at 9-11.

On February 10, 2025, petitioners filed an expert report from Dr. W. Michael McDonnell, a gastroenterologist.  Exhibit 39.  Dr. McDonnell opined that L.I.'s diagnosis was IBD.  Id. at 6.

On April 10, 2025, respondent filed his expert reports from Dr. Andrew J. MacGinnitie, a board-certified allergist/immunologist, and Dr. Subra Kugathasan, a board-certified pediatric gastroenterologist.  Exhibits A and C.  Dr. MacGinnitie opined that petitioners did not provide any support for how the proposed mechanisms of L.I.'s hepatitis A vaccination can cause IBD.  Exhibit A at 6-11.  Dr. MacGinnitie also disputed timing of IBD onset.  Id. at 11-12.  Dr. Kugathasan opined that L.I.'s IBD diagnosis was not related to her vaccination.  Exhibit C at 11-12.

Petitioner did not submit any supplemental expert reports.

## II.    Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table— corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, petitioners filed medical records, affidavits, and expert reports. Nonetheless, petitioners wish to have their claim dismissed and judgment entered against them.  Petitioners filed their dismissal pursuant to Vaccine Rule 21(b). Pet'rs' Mot., filed June 27, 2025.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim.  Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing:

(1) a medical theory causally connecting the vaccination and the injury;
(2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
(3) a showing of a proximate temporal relationship between vaccination and injury.

Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Petitioners did not propose a medical theory causally connecting the vaccinations with the injury with preponderant evidence.  Petitioners did not provide sufficient, preponderant evidence demonstrating a logical sequence of cause and effect that the hepatitis A vaccine was the reason for L.I.'s injuries. Additionally, petitioners were unable to provide preponderant evidence showing a proximate temporal relationship between her vaccine and injury.  Petitioners have therefore not met their burden under Althen.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.** [2]  <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.